In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00073-CR
NO. 09-14-00074-CR
_____

**FRELIN ARMANDO ROMERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-10-10751 CR (Counts I & II)**

**MEMORANDUM OPINION**

A jury convicted Frelin Armando Romero of two counts of aggravated robbery and sentenced Romero to sixty years in prison on each count. In his sole appellate issue, Romero challenges the admission of evidence regarding a photographic lineup. We affirm the trial court's judgment.

At trial, Detective Joey Ferraro testified that two witnesses reviewed a photographic lineup. When the State asked Ferraro if the witnesses identified Romero from the lineup, defense counsel objected on grounds of "[p]rocedures" and the trial court overruled the objection. Ferraro testified that one of the witnesses, Mitchell Wilkins, identified Romero as the robbery suspect. When the State sought to admit the lineup into evidence, defense counsel objected that "the nature of the lineup is unduly subjective[]" and asked to take Ferraro on voir dire. The trial court overruled the objection.

On appeal, Romero argues that the individuals depicted in the lineup were not similar in appearance; thus, he contends that the lineup was impermissibly suggestive, he should have been allowed to voir dire Ferraro, and the lineup should not have been admitted into evidence at trial. To preserve a complaint for appellate review, a party must make a timely objection "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" Tex. R. App. P. 33.1(a). Moreover, "the point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Romero's objections to the lineup were not sufficiently specific to apprise the trial court of the complaint he now asserts on appeal, *i.e.*, that the lineup was

impermissibly suggestive as a result of dissimilarities among the individuals depicted in the lineup. *See* Tex. R. App. P. 33.1(a); *see also Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (The objecting party must "let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."). Romero's trial objections do not comport with the specific complaint he now raises on appeal. *See Wilson*, 71 S.W.3d at 349.

We also note that, after Ferraro testified and the lineup was admitted into evidence, Wilkins identified Romero as the robber of his jewelry store. Wilkins further testified, without objection, that he viewed a photographic lineup and picked Romero out of that lineup. Even the erroneous admission of evidence will not require reversal when the same or similar evidence was received without objection, either before or after the complained-of evidence. *See Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010). Accordingly, we overrule Romero's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

3

Submitted on December 23, 2014
Opinion Delivered January 14, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.